**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN TORRES MARTINEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1648-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Juan Torres Martinez, an alleged citizen of Mexico proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 7), Respondents timely filed a Response. (Doc. 9). Petitioner timely filed a Reply. (Doc. 10). As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 6).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

Petitioner, who ICE alleges is a native and citizen of Mexico, asserts he has resided continuously in the United States for over eighteen years. (Doc. 1, at 20-21). Petitioner states that on or about May 21, 2026, he was taken into custody by Arlington Police Department for alleged traffic violations. (*Id.* at 20). Then, he was allegedly transferred into ICE custody. (*Id.*) Petitioner explains that the Department of Homeland Security initiated removal proceedings under 8 U.S.C. § 1229a, and he was charged with "being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen who entered the United States without inspection." (*Id.*) Petitioner alleges that he has not had the opportunity to post bond or be released under less restrictive conditions. (*Id.* at 21).

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A). (Doc. 9, at 1 & n.2). But Respondents also recognize that this matter is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (*Id.* at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His detention under 8 U.S.C. § 1225(b)(2) is in violation of the INA. (Doc. 1, at 21-24).

2. Petitioner's detention without a bond hearing amounts to a violation of his Fifth Amendment right to due process. (*Id.* at 25-26).

As relief, Petitioner requests that the Court order his immediate release or, in the alternative provide him with an individualized bond hearing within seven days. (*Id.* at 27). Petitioner

additionally requests for the Court to declare his detention unlawful. (*Id.*) And he asks the Court to order that he not be transferred outside the Western District of Oklahoma during the pendency of this action.[3] (*Id.* at 26). Finally, Petitioner requests an award of attorney fees under the Equal Access to Justice Act ("EAJA").[4] (*Id.* at 27).

Respondents assert that Petitioner is being properly held under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9, at 1). Despite that belief, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz* is controlling. (*Id.*) "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days." (*Id.*) They specifically ask the Court to refrain from addressing the constitutional claims. (*Id.* at 2).

[3] The decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS, 8 U.S.C. § 1231(g)(1), which this Court lacks jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(ii). *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (observing that "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal" and holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"); *see also Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *4 (D. Colo. Feb. 22, 2018) (finding that under § 1252(a)(2)(B)(ii) and § 1231(g) "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the federal district courts"). Therefore, the undersigned concludes the Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility.

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

In Reply, Petitioner notes that Respondents concede that Petitioner is entitled to a bond hearing, but he argues that Respondents failed to adequately address or defend against Petitioner's other claims because the doctrine of constitutional avoidance does not constitute a substantive response. (Doc. 10, at 2). So, he asserts Respondents "have waived any merits-based opposition to them" and contends Respondents should not be permitted to reserve unasserted defenses for future litigation. (*Id.*) Finally, Petitioner requests that if the Court does not grant Petitioner's remaining claims, the Court should expressly preserve those claims and clarify that its disposition does not constitute an adjudication or dismissal on the merits of any unreached claims. (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention. Under the INA, detention of aliens who are "applicants for admission"[5] and

---

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13).

"seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a). However, he has not

---

[6] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. *Id*. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA"). *Id*. § 236.1(d)(3).

been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[7]

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 8, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8] The Court advises the parties that failure to make timely objection to this

---

[7] Because the undersigned recommends granting habeas relief on the basis of Petitioner's INA claim, it is unnecessary to address his due process claim.

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of August, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE