**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN TORRES MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1648-D |

**ORDER**

Petitioner Juan Torres Martinez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is an alleged citizen of Mexico who has resided in the United States for over 18 years. [Doc. No. 1, p. 20]. On or around May 21, 2026, the Arlington Police Department took Petitioner into custody. *Id*. He was later transferred to Immigration and Customs Enforcement's custody and taken to Diamondback Correctional Facility, where he remains detained. *Id*. at p. 21. Petitioner was placed into removal proceedings. *Id*. at p. 22.

Petitioner challenges his detention on two grounds: 1) his detention is a violation of the Immigration and Nationality Act, and 2) his detention without a bond hearing violates his Fifth Amendment right to due process. [Doc. No. 1, pp. 21–26]. Petitioner requests immediate release, or in the alternative, a bond hearing. [Doc. No. 1, p. 27]. Respondents filed a response in opposition to Petitioner's Petition arguing he is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 9]. Petitioner filed a reply [Doc. No. 10].

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Maxfield issued a Report and Recommendation ("Report"), recommending the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 11].

Respondents filed a timely Objection to the Report in which they maintain Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 12]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id.*

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Maxfield's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226 as opposed to § 1225(b)(2)(A). Moreover, the Court agrees with Judge Maxfield's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 11] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 9th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE